IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

MICHAEL SMOCK,                        )
                                      )
        Plaintiff,    REC'D MAY 2 5 2007
                                      )         FILED
                                      )         FEB 1 5 2007
v.                                    )
                                      )    Court No.  JOHN M. WATERS, Clerk
                                      )               U.S. DISTRICT COURT
IOWA INTERSTATE RAILROAD, LTD.,       )               CENTRAL DISTRICT OF ILLINOIS
a Corporation, and NEW HORIZON FS,    )    JURY DEMAND  07-4007
INC., a Corporation,                  )
                                      )
        Defendants.                   )

### COMPLAINT AT LAW

#### COUNT I - FEDERAL EMPLOYERS' LIABILITY ACT

NOW COMES the Plaintiff, MICHAEL SMOCK, by and through his attorneys, GEORGE T. BRUGESS and HOEY & FARINA, P.C., and for his Complaint against the Defendant, IOWA INTERSTATE RAILROAD, LTD., states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code sec. 56 and Title 28 U.S. Code sec. 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employer's Liability Act, 45 U.S.C. sec. 51 et seq.

3. At all times herein the Defendant, IOWA INTERSTATE RAILROAD was and is a railroad corporation doing business in the States of Iowa and Illinois.

4. At all times herein, the Defendant, IOWA INTERSTATE RAILROAD, was a common carrier by railroad engaged in interstate commerce.

1

5. On November 1, 2005 Plaintiff was performing work for Defendant in connection with, or in furtherance of Defendant's business of interstate commerce and transportation.

6. On November 1, 2005 Plaintiff was ordered to perform railcar switching services for an industry known as NEW HORIZON FS, INC.

7. At that time and place, Plaintiff was required to work along the right-of-way.

8. As Plaintiff was working along the right-of-way, he severely injured his foot.

9. It was the continuing duty of the Defendant, as employer, at the time and place in question, to use ordinary care in furnishing Plaintiff with a safe place to work.

10. In violation of his duty, the Defendant committed one or more of the following negligent acts or omissions:

    (a) failed to provide the Plaintiff with a safe place to work;

    (b) failed to warn the Plaintiff of the hazardous condition at and near New Horizon;

    (c) violated certain safety standards including OSHA regulations, FRA regulations, industry safety standards; and Iowa law which requires the railroad to maintain its tracks in an adequate and safe manner;

    (d) violated its own safety rules, engineering rules and operating rules;

    (e) failed to inspect the track at New Horizon for hazards;

    (f) failed to take precautions to protect employees from defects at New Horizon;

2

      (g)    ordered Plaintiff to perform his job duties in an unsafe manner; and

      (h)    was otherwise careless and negligent.

11.    Defendant's failure to provide Plaintiff, MICHAEL SMOCK with a safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

12.    Defendant's violation of a State or Federal law or regulation is a violation under 45 U.S.C. 54(a) which bars Defendant from raising a defense of contributory negligence.

13.    As a consequence, Plaintiff, MICHAEL SMOCK, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, MICHAEL SMOCK, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, MICHAEL SMOCK, has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

14.    Plaintiff, MICHAEL SMOCK, demands trial by jury.

WHEREFORE, the Plaintiff, MICHAEL SMOCK, demands judgment in his favor and against Defendant, IOWA INTERSTATE RAILROAD, LTD., in a sum to be determined by the jury plus the costs of this suit.

## COUNT II - COMMON LAW NEGLIGENCE

NOW COMES the Plaintiff, MICHAEL SMOCK, by and through his attorneys, GEORGE T. BRUGESS and HOEY & FARINA, P.C. and for his Complaint against the Defendant, NEW HORIZON FS, INC., states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 28 U.S. Code sec. 1367.

2. At all times herein, the Defendant, NEW HORIZON was and is a IOWA corporation doing business in the State of Iowa.

3. On November 1, 2005, Plaintiff was invited onto the premises of NEW HORIZON to perform railcar switching services for the benefit of NEW HORIZON.

4. At that time and place Plaintiff was working along the tracks.

5. As Plaintiff was working at NEW HORIZON he severely injured his foot.

6. At all times herein Defendant, NEW HORIZON, had a duty to use ordinary care to avoid exposing Plaintiff to an unreasonable risk of harm.

7. At all times herein, Defendant, NEW HORIZON, knew or should have known of the dangerous conditions of the railroad tracks on its property and taken corrective action or warned of the dangerous condition.

8. In violation of its duties, the Defendant, NEW HORIZON, committed one or more of the following negligent acts or omissions:

4

(a) failed to provide the Plaintiff with a safe place to work;

(b) failed to warn the Plaintiff of the unsafe condition of the tracks;

(c) violated certain safety standards including OSHA regulations, FRA regulations, industry safety standards; and Iowa law which requires Defendant to maintain its tracks in an adequate and safe manner;

(d) failed to enforce safety rules and violated its own safety rules;

(e) required Plaintiff to perform his job duties in an unsafe manner; and

(f) was otherwise careless and negligent.

9. Defendant's failure to provide Plaintiff, MICHAEL SMOCK, with a safe place to work by one or more of the aforementioned negligent acts or omissions caused Plaintiff's injuries.

10. As a consequence, Plaintiff, MICHAEL SMOCK, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, MICHAEL SMOCK, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, MICHAEL SMOCK, has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

11. Plaintiff, MICHAEL SMOCK, demands trial by jury.

5

WHEREFORE, the Plaintiff, MICHAEL SMOCK, demands judgment in his favor and against Defendant, NEW HORIZON FS, INC., in a sum to be determined by the jury plus the costs of this suit.

Respectfully submitted,

_____
George T. Brugess

George T. Brugess
HOEY & FARINA, P.C.
Attorneys for Plaintiff
542 South Dearborn Street
Suite 200
Chicago, Illinois 60605
312/939-1212

## CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
MICHAEL SMOCK

### DEFENDANTS
IOWA INTERSTATE RAILROAD, LTD., a Corporation, and
NEW HORIZON FS, INC., A Corporation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 312.939.1212
George T. Brugess, HOEY & FARINA, P.C.
542 S. Dearborn, Chicago, IL 60640

Attorneys (If Known) 319.297.7515
Edward J. Krug, KRUG LAW FIRM, PLC
401 1st Street, Ste. 330, Cedar Rapids, IA 52406

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
45 U.S.C. sec. 51, et seq
Brief description of cause:
FELA case for injured railroader

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ to be determined
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 2·9·07
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| CENTRAL DISTRICT OF ILLINOIS | District of | ROCK ISLAND DIVISION |
|---|---|---|

MICHAEL SMOCK

V.

IOWA INTERSTATE RAILROAD, LTD. and
NEW HORIZON FS, INC.

**SUMMONS IN A CIVIL ACTION**

REC'D MAY 2 5 2007

CASE NUMBER:    07-4007

TO: (Name and address of Defendant)

NEW HORIZON FS, INC.
c/o C T Corporation System
208 South LaSalle Street
Suite 814
Chicago, Illinois 60604

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

George T. Brugess
HOEY & FARINA, P.C
542 South Dearborn Street
Suite 200
Chicago, Illinois 60605

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

S/John M. Waters                                    2/15/07

CLERK                                               DATE

S/Denise Koester

(By) DEPUTY CLERK