IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| MICHAEL SMOCK,<br><br>    Plaintiff,<br><br>vs.<br><br>IOWA INTERSTATE RAILROAD,<br>LTD., a Corporation.<br><br>    Defendant. | No. C07-0051<br><br>ORDER REGARDING DISCOVERY<br>MOTIONS |

This matter comes before the Court on the Motion for Protective Order (docket number 31) filed by Defendant Iowa Interstate Railroad, Ltd. ("IAIS") on June 2, 2008 and the Motion for Sanctions (docket number 34) filed by Plaintiff Michael Smock ("Smock") on the same date. Pursuant to Local Rule 7.c, the Motions will be decided without oral argument.

## I. RELEVANT FACTS

On February 15, 2007, Smock filed a Complaint (docket number 1-2) in the United States District Court for the Central District of Illinois, seeking damages for injuries which he sustained while working on November 1, 2005. Count I alleges that IAIS was negligent and Smock seeks recovery pursuant to the Federal Employers' Liability Act. Count II alleged common law negligence against Defendant New Horizon FS, Inc.[1] The case was transferred to the Northern District of Iowa on May 29, 2007.

---

[1] Count II of the Complaint was dismissed by the Court in its Ruling on Motion for Summary Judgment (docket number 39), filed on June 27, 2008.

1

On February 11, 2008, Smock served IAIS with a Notice of Deposition pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6), seeking the deposition of the "[p]erson most knowledgeable regarding Iowa Interstate Railroad Track Standards." *See* Notice of Deposition (docket number 31-3). In response to the Notice, IAIS produced Patrick Sheldon, the IAIS's Vice-President of Engineering. Both of the instant Motions arise from a dispute which developed at the deposition on May 2, 2008.

Neither party provided the Court with a complete transcript of the disputed questions and answers, or the entire colloquy between counsel. Apparently, however, a problem developed when Smock's counsel asked Mr. Shelton the following question:

> What percentage of the mainline between Council Bluffs and Chicago would you say is continuous welded rail?

Counsel for IAIS believes that the question is not relevant to the issues in this case and is not reasonably designed to lead to the discovery of relevant information. Instead, IAIS believes that Plaintiff's counsel was attempting to engage in "cross discovery" for another pending case.

Briefly stated, Smock claims that on November 1, 2005, he was injured while working as a conductor in Oxford, Iowa. Smock apparently fell when the ballast under his feet gave way after he closed the switch at a switch stand.[2] It would appear that Smock suffered a minor ankle sprain. According to IAIS's attorney, however, Smock's counsel also represents Andrew Schulte, "who suffered extreme injuries after being run over by a railcar." According to IAIS's Brief, Schulte's medical bills are close to $1 million.

After Smock's counsel posed the question set forth above, the following exchange ensued:

> MR. KRUG: Hold on a sec. What is the relevance of CWR [continuous welded rail]?

---

[2] A portion of Smock's deposition testimony describing the incident is set forth in the Court's Ruling on Motion for Summary Judgment (docket number 39) and will not be repeated here.

| | |
|---|---|
| Q. | Are you refusing to answer my question? |
| MR. KRUG: | No, hold on a second. |
| Q. | Are you refusing to answer my question? |
| MR. KRUG: | Wait a minute. Direct that to me, because I'm his lawyer -- |
| Q. | I'm asking him. He's here -- |
| MR. KRUG: | Yeah. He's refusing to answer the question, George. What is the relevance -- |
| Q. | I'll go on. If you refuse to answer the question, I'll go on. |
| MR. KRUG: | I want to know what the relevance of CWR is. |
| MR. BURGESS: | You know what, if you continue to interrupt my interrogation of this witness, I'm going to terminate the deposition and go in and ask for sanctions. |
| MR. KRUG: | Go ahead. I'm going to protect my client. |

*See* Motion for Sanctions (docket number 34), ¶ 5 at 2.

Later, counsel engaged in a further colloquy. *See* Motion for Sanctions (docket number 34), ¶ 6 at 2-4. The question which triggered the flare up is omitted from the portion of the transcript submitted, however, and the Court is unable to determine the context of the dispute.

## II. DISCUSSION

FEDERAL RULE OF CIVIL PROCEDURE 30(c)(2) requires that "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." The objection "must be noted on the record, but the examination still proceeds." *Id.* "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the Court, or to present a motion under Rule 30(d)(3)." *Id.*

In this case, counsel for IAIS apparently believed that the question posed by Smock's counsel exceeded the scope of discovery permitted by FEDERAL RULE OF CIVIL PROCEDURE 26(c). Counsel should have stated a concise objection on those grounds and --

3

if he believed it was necessary to do so -- instructed the witness not to answer and stated an intention to file a motion under Rule 30(d)(3). Instead, IAIS's counsel said "Hold on a sec" and questioned opposing counsel regarding the relevance of the question. Rather than respond to the question, Smock's counsel immediately asked "Are you refusing to answer my question?" Eventually, IAIS's counsel instructed the witness not to answer.

### A. *IAIS's Motion for Protective Order*

In its instant motion for Protective Order, IAIS requests that the Court enter an order prohibiting Smock from pursuing discovery regarding continuous welded rail, arguing that it is beyond the scope of the deposition notice and exceeds the scope of discovery permitted by FEDERAL RULE OF CIVIL PROCEDURE 26(b). Generally, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Here, Smock's counsel inquired regarding what percentage of the mainline between Council Bluffs and Chicago was continuous welded rail. Not surprisingly, IAIS's attorney believed the question was not relevant to Smock's claim that he fell when ballast gave way near a switch stand. In his one-page response to the instant motion, Smock asserts -- without citation to authority -- that he "is entitled to inquire at depositions of railroad witnesses, background information about the type of track in use generally at the railroad and specifically, the type of track at the location of Plaintiff's injury."

The Court finds Smock's argument to be unpersuasive. First, the disputed question did not seek information regarding "the type of track at the location of Plaintiff's injury." Second, Smock is *not* entitled to inquire regarding "the type of track in use generally at the railroad," unless that information is relevant to his claim. In this case, Smock makes no effort to explain how the percentage of continuous welded rail in use between Council Bluffs and Chicago is relevant to switch stand ballast giving way near Oxford, Iowa, and the relevance is not apparent to the Court. While Rule 26(b) "is widely recognized as a discovery rule which is liberal in scope and interpretation," and "the standard of relevance

4

in the context of discovery is broader than in the context of admissibility," these familiar legal principles "should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). The Court concludes that the information sought in the disputed deposition question exceeds the scope of discovery permitted under Rule 26(b)(1) and IAIS is entitled to a protective order pursuant to Rule 26(c)(1).

### B. Smock's Motion for Sanctions

Noting that the "objection" raised by IAIS's counsel at the deposition did not comport with FEDERAL RULE OF CIVIL PROCEDURE 30(c)(2), Smock seeks sanctions pursuant to Rule 30(d)(2).

> The court may impose an appropriate sanction -- including the reasonable expenses and attorney's fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent.

FED. R. CIV. P. 30(d)(2).

Smock failed to file a brief in support of his motion, as required by Local Rule 7.d. The Motion itself cites no authority, other than the Rule.[3] While IAIS's attorney failed to properly state his objection, the Court does not believe that he impeded, delayed, or frustrated the fair examination of Mr. Sheldon. As set forth above, the objection, while improperly stated, was a good one. Therefore, the Motion for Sanctions will be denied.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion for Protective Order (docket number 31) filed by Defendant Iowa Interstate Railroad, Ltd. on June 2, 2008 is hereby **GRANTED**. Plaintiff shall not be entitled to redepose Patrick Sheldon, nor is he entitled to submit other discovery requests regarding continuous welded rail.

---

[3] The Court does not consider Smock's inclusion of an article from the "Litigation Journal" to be an acceptable alternative to the submission of a brief or other authority.

2. The Motion for Sanctions (docket number 34) filed by Plaintiff Michael Smock on June 2, 2008, is hereby **DENIED**.

DATED this 7th day of July, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA