## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

MICHAEL SMOCK,          )
                                    )
       Plaintiff,         )     Case No. 1:07-cv-00051-LRR
                                    )
vs.                           )
                                    )     **IAIS's PROPOSED**
IOWA INTERSTATE RAILROAD, LTD., )     **JURY INSTRUCTIONS**
Corporation,               )
                                    )
                                    )
                                    )
       Defendants.       )

COMES NOW the defendant, Iowa Interstate Railroad, Ltd. ("IAIS"), and submits the following proposed jury instructions, some of which are submitted in the alternative. IAIS reserves the right to submit supplemental instructions based on the evidence and issues raised at trial, and in rebuttal to proposed instructions by the plaintiff.

/s/Edward J. Krug
Edward J. Krug          AT0004494
Sasha L. Monthei      AT0005506
Krug Law Firm, P.L.C.
P.O. Box 888
6 Hawkeye Drive, Suite 103
North Liberty, Iowa 52317
Telephone (319) 626 - 2076
Facsimile (319) 626 - 3266
Email: ekrug@kruglawfirm.com
Attorney for Defendants

Original filed.

Copy to:
George T. Brugess, Esq.
Hoey & Farina, P.C.
542 South Dearborn Street
Suite 200
Chicago, IL.  60605

Theodore J. Priester, Esq.
601 Brady Street, Ste. 220
Davenport, IA  52803

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date indicated below, a true copy of the foregoing instrument was served upon all parties of interest to the above-entitled cause by enclosing the same in an envelope addressed to each party at their respective address as disclosed on the service list appended hereto by:

    ___ U.S. Mail     ___ Fax       X Electronic Filing
    ___ Hand Delivery ___ Overnight Courier
    ___ Certified Mail ___ Email

I certify under penalty of perjury that the foregoing is true and correct.  Executed on this 17th day of October, 2008, in North Liberty, Johnson County, Iowa.

        /s/<u>Mary Baker</u>

## STATEMENT OF THE CASE

On November 1, 2005, Michael Smock, allegedly injured his right ankle while working for defendant, Iowa Interstate Railroad Ltd. ("IAIS"). At the time of the alleged incident, Mr. Smock worked as an IAIS trainman. He claims that he hurt his knee due to loose rock (known as "ballast") near a track switch he had operated. Mr. Smoke returned to work after the incident but then went off work purportedly for treatment of his alleged injury. Because IAIS believed Mr. Smock had later falsified a medical slip, it terminated his employment.

Mr. Smock alleges that IAIS was negligent in how it maintained the track switch at issue. IAIS denies that it was negligent. IAIS alleges that Mr. Smock's alleged injury was due to his own negligence. IAIS also alleges that Mr. Smock has failed to take reasonable steps to reduce or minimize his damages by seeking alternate employment after leaving the railroad.

This statement of the case is given to you by the Court solely to inform you, by way of summary, of the respective claims of the parties. The fact that a claim is made by any party is not itself proof of the claim. You must decide the facts from the evidence and apply the law which I will now give you.

## UNIFORM INSTRUCTIONS

IAIS requests that the following pattern instructions from the Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit (2008) be utilized.

| Model No. | Title | Comments |
|---|---|---|
| 3.01 | Explanatory | Include bracketed material |
| 3.02 | Judge's Opinion | Include bracketed material if appropriate |
| 3.03 | Credibility of Witnesses | Do not include bracketed material. |
| 3.06 | Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form | Include bracketed material. |
| 2.03 | Stipulated Facts | |

Many of the following instructions are derived from the text, <u>Federal Jury Practice and Instructions</u>, 5th ed. (2006), by O'Malley, Grenig, and Lee and hereinafter are referenced as "O'Malley" by section number.

REQUESTED INSTRUCTION NO._____

You should consider and decide this case as a dispute between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be treated as equals.

AUTHORITY

O'Malley, §103.12, All Persons Equal Before the Law - Organizations

REQUESTED INSTRUCTION NO. _____

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony]. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must accept that fact as true.

Unless you are otherwise instructed, the evidence in the case will consist of the following: 1) the sworn testimony of the witnesses, no matter who called a witness 2) all exhibits received in evidence, regardless of who may have produced the exhibits; and 3) all facts that may have been admitted or stipulated; and all facts and events which may have been judicially noticed and that you must take as true for purposes of this case.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that the Court instructs you to disregard, and anything you may see or hear when the Court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

AUTHORITY

O'Malley, §101.40, Evidence in the Case, §101.44, What Is Not Evidence

8th Cir. Civ. J. Inst. 1.02 (2005)

REQUESTED INSTRUCTION NO. _____

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's statements are not evidence.

AUTHORITY

O'Malley, §101.40, Evidence in the Case

8th Cir. Civ. J. Inst. 1.02 (2005)

REQUESTED INSTRUCTION NO. _____

Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the plaintiff should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence in the case, you should find for the defendant as to that claim.

[The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.]

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.]

AUTHORITY

O'Malley, §104.01, Preponderance of the Evidence

REQUESTED INSTRUCTION NO._____

When I instruct you that a party has the burden of proof on any proposition, or use the express "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

AUTHORITY

O'Malley, §104.04, "If You Find" or "If You Decide"

REQUESTED INSTRUCTION NO. _____

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give to any evidence.


AUTHORITY

O'Malley, §101.42, Direct and Circumstantial Evidence, §104.05, "Direct" and "Circumstantial" Evidence - Defined

8th Cir. Civ. J. Inst. 1.02 (2005)

REQUESTED INSTRUCTION NO. _____

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts which have been established by the evidence in the case.

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to [and all facts and evidence that may have been judicially noticed].

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

[I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

AUTHORITY

O'Malley §103.30, Evidence in the Case, §104.20, "Inferences Defined"

8th Cir. Civ. J. Inst. 1.02 (2005)

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

AUTHORITY

O'Malley, §104.40, Expert Witness

EQUESTED INSTRUCTION NO. _____

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

AUTHORITY

O'Malley, § 104.50, Charts and Summaries

REQUESTED INSTRUCTION NO. _____

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. In short, accept or reject the testimony of any witness in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of

witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

AUTHORITY

O'Malley, § 105.01, Discrepancies in Testimony, § 104.54, Number of Witnesses

8th Cir. Civ. J. Inst. 3.03 (2005)

REQUESTED INSTRUCTION NO. _____

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath [or on a videotape]. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

AUTHORITY

O'Malley, §105.02, Use of Depositions as Evidence

REQUESTED INSTRUCTION NO. _____

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

AUTHORITY

O'Malley, §105.04, Impeachment – Inconsistent Statement or Conduct

REQUESTED INSTRUCTION NO._____

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

AUTHORITY

O'Malley, §105.11, All Available Witnesses or Evidence Need Not Be Produced

# FEDERAL EMPLOYERS' LIABILITY ACT INSTRUCTIONS

REQUESTED INSTRUCTION NO. _____

The plaintiff in this case claims damages under the Federal Employer's Liability Act, commonly known as "FELA", for personal injuries alleged to have been suffered as a result of negligence on the part of the defendant, his employer.

AUTHORITY

O'Malley, §155.01, Nature of the Action

REQUESTED INSTRUCTION NO. _____

Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do when prompted by considerations that ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care under the circumstances in the management of one's person or property.

AUTHORITY

O'Malley, §155.30, Negligence

REQUESTED INSTRUCTION NO. _____

"Ordinary care" is that care reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves or their property, or the persons or property of others.

AUTHORITY

O'Malley, §155.31, Ordinary Care

8th Cir. Civ. J. Inst. 7.10 (2005)

REQUESTED INSTRUCTION NO. _____

Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

AUTHORITY

O'Malley, §155.31, Ordinary Care

8th Cir. Civ. J. Inst. 3.03 (2005)

REQUESTED INSTRUCTION NO. _____

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required in the use of ordinary care will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case. As the danger that should reasonably be foreseen increases, so the amount of care required by law also increases.

AUTHORITY

O'Malley, §155.22, Quantum of Care Varies with Danger

REQUESTED INSTRUCTION NO. _____

The mere fact, standing alone, that an accident happened does not, permit you to draw the inference that the accident was caused by anyone's negligence.

AUTHORITY

O'Malley, §155.41, Inference From Fact of Accident Alone (modified)

REQUESTED INSTRUCTION NO. _____

Plaintiff alleges that the defendant's conduct, at the time and place in questions, was negligent in the following particulars:

[Plaintiff to fill in]


AUTHORITY

O'Malley, §155.21, Particulars of Claimed Negligence of Defendant

REQUESTED INSTRUCTION NO. _____

Section 1 of the Federal Employer's Liability Act (45 U.S.C.A. §51) under which the plaintiff claims the right to recover damages in this action, provides in part that:

> "Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment . . . ."

It is agreed that, at the time and place alleged by plaintiff, the defendant was a railroad common carrier, engaged in interstate commerce; the plaintiff was then an employee of the defendant railroad, engaged in such commerce; and that the plaintiff's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

## AUTHORITY

O'Malley, §155.10, Federal Employer's Liability Act, Generally, §155.01, Nature of the Action

REQUESTED INSTRUCTION NO. _____

At the time and place in question, defendant had a continuing duty as an employer to use ordinary care under the circumstances, in furnishing the plaintiff with a reasonably safe place in which to work, and to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.  This does not mean that the defendant is a guarantor or insurer of the safety of the place to work.  The extent of the defendant employer's duty is to exercise ordinary care under the circumstances to see that the place in which the work is to be performed is reasonably safe under the circumstances shown by the evidence in the case.

AUTHORITY

O'Malley, §155.23, Duty of Employer as to Place of Work

REQUESTED INSTRUCTION NO. _____

In order to prove the essential element of plaintiff's claim, the burden is on the plaintiff to establish, by a preponderance of the evidence in the case, the following facts:

First:    That the defendant was negligent in one or more of the particulars alleged; and

Second:  That the defendant's negligence caused or contributed to some injury and consequent damage sustained by the plaintiff.

AUTHORITY

O'Malley, §155.20, Essential Elements of Plaintiff's Claim

8th Cir. Civ. J. Inst. 7.01 (2005)

REQUESTED INSTRUCTION NO. _____

For purposes of this action, damage is said to be caused or contributed by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. So if you should find from the evidence in the case that any negligence of the defendant contributed in any way toward any injury or damage suffered by the plaintiff, you may find that such injury or damaged was caused by defendant's act or omission.

Stated another way, an act or omission is the cause of injury or damage if the injury or damage would not have happened but for the act or omission, even though the act or omission combined with other causes.

<u>In considering contributory negligence, this same rule would apply</u>.

AUTHORITY

45 U.S.C.A. §51

§155.40 O'Malley, with the concluding sentence being added on the basis of <u>Caplinger v. Northern Pac. Term.</u>, 418 P.2d 34 (Ore. 1966)

REQUESTED INSTRUCTION NO. _____

This does not mean that the law recognizes only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a cause for the purpose of determining liability.

AUTHORITY

O'Malley, §155.40, Causation - Generally

REQUESTED INSTRUCTION NO. _____

In addition to denying that any negligence of the defendant caused any injury or damage to the plaintiff, the defendant alleges, as a further defense, that some contributory negligence on the part of the plaintiff himself was a cause of any injuries and consequent damages plaintiff may have sustained. Contributory negligence is fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, the defendant in effect alleges that, even though the defendant may have been guilty of some negligent act or omission which was one of the causes, the plaintiff himself, by his own failure to use ordinary care under the circumstances for his own safety, at the time and place in questions, also contributed one of the causes of any injuries and damages plaintiff may have suffered.

The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff himself was also at fault, and that such fault contributed one of the causes of any injuries and consequent damages plaintiff may have sustained.

The proper procedure to be followed by you in comparing the negligence of the parties and returning a verdict in favor of the plaintiff for a reduced amount based upon that comparison is:

First, determine the full amount of all damages sustained by plaintiff as a result of the accident;

Second, compare the negligence or fault of the parties, by determining in what proportion, figured in percentage, the plaintiff's own fault contributed as a cause of all damages suffered by plaintiff as a result of the accident; and

Third, specify the percentage of the plaintiff's negligence.

AUTHORITY

O'Malley, §155.71 Contributory Negligence Submitted (modified)

REQUESTED INSTRUCTION NO. _____

If you find in favor of the plaintiff under Instruction __(insert number or title

of the plaintiff's elements instruction) you must consider whether plaintiff was also

negligent. Under this Instruction, you must assess a percentage of the total negligence to

each of the plaintiff's claims against defendant if all of the following elements have been

proved:

     First, a) plaintiff failed to properly plan his work so that he would avoid injuring his
        ankle, and/or
       b) plaintiff failed to observe his footing as he walked, and/or
       c) plaintiff failed to exercise reasonable care under the circumstances

     Second, plaintiff was thereby negligent, and

     Third, such negligence of the plaintiff resulted in whole or in part in injury.

AUTHORITY

8th Cir. Civ. J. Inst. 7.03 (2005)

REQUESTED INSTRUCTION NO. _____

On the other hand, if you should find: (1) that the defendant was not negligent; or (2) that the defendant was negligent, but such negligence was not a cause of injury or damage sustained by the plaintiff, then your verdict should be for the defendant.

AUTHORITY

O'Malley, §155.51, When Verdict Should Be for Defendant

REQUESTED INSTRUCTION NO. _____

The issues to be determined by the jury in this case are these:

First:  Was the defendant negligent in one or more of the particulars alleged?

If your unanimous answer to that question is "No", you will return a verdict for the defendant.  If your unanimous answer is "Yes", you then have a second issue to determine, namely:

Second:  Did the negligence of the defendant cause or contribute to any injury and damage to the plaintiff?

If your unanimous answer to the questions is "No", you will return a verdict for the defendant.  If your unanimous answer is "Yes", you must then find the answer to a third questions, namely:

Third:  Was the plaintiff guilty of some contributory negligence?

If you should find that he was not, then, having found in plaintiff's favor in answer to the first two questions, you will proceed to determine the amount of plaintiff's damages, and return a verdict in the plaintiff's favor for the amount.

On the other hand, if you should find, from a preponderance of the evidence in the case, that the plaintiff himself was guilty of some contributory negligence, and that plaintiff's fault caused or contributed to any injuries which plaintiff may have sustained, then you must compare the negligence of the parties, and return a verdict in favor of the plaintiff for a reduced amount, based upon the comparison.

AUTHORITY

O'Malley, §155.70, Issues to Be Determined

REQUESTED INSTRUCTION NO. _____

If you find that the injury to the plaintiff as it happened here was not under all the circumstances reasonably foreseeable by defendant, your verdict must then be in favor of defendant railroad company.

AUTHORITY

Brady v. Southern Ry., 320 U.S. 476, 483-4 (1943)

Gallick v. Baltimore & O.R.R., 372 U.S. 108 (1962)

"We agree with respondent that reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence."

REQUESTED INSTRUCTION NO. _____

The law recognizes what is known as an unavoidable accident.   An accident may happen and a person may be injured without negligence on the part of any person involved; and if you believe from the evidence in this case that the plaintiff's injury was the result of a pure accident or misadventure, and was, under the circumstances, unavoidable, then plaintiff cannot recover.

AUTHORITY

Herdman v. Pennsylvania R.R., 352 U.S. 518, 521, 1 L.Ed. 508, 515, 77 S.Ct. 455, 459 (1957)

Williams v. Union Pac. R.R., 286 F.2d 50 (9th Cir. 1960)

REQUESTED INSTRUCTION NO. _____

If you find from the evidence that the sole cause of plaintiff's injury, if any, was plaintiff's own negligence, then and in such event plaintiff is not entitled to recover in this case, and it would be your duty to return a verdict for the defendant.

AUTHORITY

Carter v. Atlanta & St. A.B. Ry., 388 U.S. 430, 435 (1949)

New York Cent. R.R. v. Marcone, 281 U.S. 345, 350 (1930)

REQUESTED INSTRUCTION NO. _____

Before the defendant can be charged with negligence in failing to provide a reasonably safe place by reason of an alleged condition of its premises, equipment or otherwise, the plaintiff must prove by a preponderance of the evidence that the defendant knew, or, in the exercise of ordinary care, should have known that such a condition existed and that it had a reasonable opportunity to either warn the plaintiff of the existence of such condition or to remedy same.

AUTHORITY

Kaminski v. Chicago Rive & I.R.R., 200 F.2d 1 (7th Cir. 1953)

Miller v. Cincinnati, N.O. & T.P. Ry. Co., 317 F.2d 693 (6th Cir. 1963)

REQUESTED INSTRUCTION NO. _____

If you find that plaintiff violated a safety rule of IAIS and that this violation contributed in whole or in part to the accident, you may consider this violation as evidence of negligence on the part of the plaintiff, and diminish any damages awarded him in the manner explained to you elsewhere in these instructions.

If you find that plaintiff violated a rule of the company designed to prevent injuries from occurring in the manner which plaintiff was injured and that this violation was the sole cause of the plaintiff's injury, then you should find in favor of IAIS.

AUTHORITY

Atchison T. & S.F. Ry. v. Ballard, 108 F.2d 768 (5th Cir. 1940)

Wagner v. Pennsylvania R.R., 282 F.2d 392 (3rd Cir. 1960)

Teets v. Chicago, S. Shore & S. Bend R.R., 238 F.2d 223 (7th Cir. 1956)

Illinois Cent. R.R. v. Andre, 267 F.2d 372 (5th Cir. 1959)

# **DAMAGES**

REQUESTED INSTRUCTION NO. _____

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find favor of the plaintiff from a preponderance of the evidence in this case in accordance with the other instructions.

AUTHORITY

O'Malley, §106.02, Effect of Instruction as to Damages

REQUESTED INSTRUCTION NO. _____

If after fair and impartial consideration of the evidence you find plaintiff is entitled to recover damages, you will then determine the amount. You may consider the following items, but you must not award for any damages for items not proved by the evidence and directly caused by defendant's fault:

1.  The present value of reasonable and necessary doctor charges or other medical services which will be incurred in the future.

2.  The reasonable value of lost wages from the date of injury to the date the plaintiff's employment was terminated.

3.  Loss of function of the body from the date of injury to the present time. Loss of body is the inability of a particular part of the body to function in a normal manner.

4.  Future loss of function of the body.

Damages, if any, for pain and suffering or future disability cannot be measured by any exact or mathematical standard. The amount must rest in your sound discretion. You must not exercise this discretion arbitrarily, or out of passion, sympathy, or prejudice, for or against the parties. Your judgment must be based on fair, intelligent, and impartial consideration of the evidence.

A party cannot recover duplicate damages. Do not allow amounts awarded under one item of damage to be included in any amount awarded under another item of damage. (Similarly, damages awarded to one party shall not be included in any amount awarded to another party.)

Add together the amounts, if any, you find for each item awarded, and the total will be used to answer the special verdicts.

AUTHORITY

Iowa Defense Counsel Proposed Instruction No. 200.1

REQUESTED INSTRUCTION NO. _____

If you find that plaintiff is reasonably certain to lose earnings in the future or incur medical expenses in the future, then you must determine the present value in dollars of such future damage, since the award of future damages necessarily requires that payment be made now in one lump sum and plaintiff will have the use of the money now for a loss that will not occur until some future date. You must decide what those future losses will be and them make a reasonable adjustment for the present value.

AUTHORITY

O'Malley, § 155.62, Present Value of Future Loss

8th Cir. Civ. J. Inst. 7.06(C) (2005)

REQUESTED INSTRUCTION NO. _____

The plaintiff will not be required to pay any federal or state income taxes on any amount that you award.

When calculating lost earnings, if any, you should use after-tax earnings.

AUTHORITY

O'Malley, § 155.63, Income Tax Effects of Award

8th Cir. Civ. J. Inst. 7.06(D) (2005)

REQUESTED INSTRUCTION NO. _____

It is the duty of any person who has been injured to use reasonable diligence and reasonable

means under the circumstances, in order to prevent the aggravation of such injuries and to effect a

recovery from such injuries.

AUTHORITY

O'Malley, §155.54, Mitigation

REQUESTED INSTRUCTION NO. _____

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

AUTHORITY

O'Malley, §128.60, Reasonable not Speculative

Rouse v. Chicago, Rock Island & Pacific R. Co., 474 F. 2d 1180 (8th Cir. 1973) (instruction on reasonable certainty).

REQUESTED INSTRUCTION NO. _____

If you find that defendant has proved by a preponderance of the evidence that the plaintiff has failed to take reasonable steps to minimize his damages, then your award must not include any sum for any amount of damage which you find plaintiff might reasonably have avoided by taking such steps.

AUTHORITY

8th Cir. Civ. J. Inst. 7.06(A), fn.6, (2005)

O'Malley §128.50, Duty to Mitigate