```
           IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF IOWA, CEDAR RAPIDS DIVISION
```

MICHAEL SMOCK,                         )
                                       )
    Plaintiff,                         )
v.                                     ) Court No.:  1:07-cv-00051
                                       )
IOWA INTERSTATE RAILROAD,              )
LTD., a Corporation                    )  Judge Jon Stuart Scoles
                                       )
    Defendant.                         )

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

1. 155.01
2. 155.02
3. 155.10
4. 155.20
5. 155.21 (modified)
6. 155.22
7. 155.23
8. 155.30 (modified)
9. 155.31
10. 155.40
11. 155.50
12. 155.60 (modified)
13. 155.70
14. 155.72
15. 155.73

                                          Respectfully submitted,

                                          <u>s/George T. Brugess</u>
                                          George T. Brugess

Hoey and Farina, P.C.
Attorneys for Plaintiff
542 South Dearborn Street, Suite 200
Chicago, Illinois 60605
312/939-1212

**Plaintiff's Jury Instruction Number 1**

Plaintiff Michael Smock claims damages under the Federal Employer's Liability Act, commonly known as "FELA," for personal injuries alleged to have been suffered as a result of negligence by defendant Iowa Interstate Railroad, Ltd.

Defendant Iowa Interstate Railroad, Ltd. asserts that plaintiff Michael Smock was not injured as a result of any negligence by defendant.

It is agreed that, at the time and place alleged by plaintiff Michael Smock, defendant Iowa Interstate Railroad, Ltd. was a railroad common carrier engaged in interstate commerce. Plaintiff Michael Smock was then an employee of defendant Iowa Interstate Railroad, Ltd., engaged in such commerce. Plaintiff Michael Smock's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

Federal Jury Practice and Instructions (Fifth Edition) 155.01

**Plaintiff's Jury Instruction Number 2**

Since a corporation can act only through its officers, or employees, or other agents, the burden is on plaintiff Michael Smock to establish, by a preponderance of the evidence in the case, that the negligence of one or more officers, or employees, or other agents of defendant Iowa Interstate Railroad, Ltd. [*other than plaintiff Michael Smock*] was a cause of any injuries and consequent damages sustained by plaintiff Michael Smock.

Any negligent act or omission of an officer, or employee, or other agent of a corporation, in the performance of that person's duties, is held in law to be the negligence of the corporation.

Federal Jury Practice and Instructions (Fifth Edition) 155.02

**Plaintiff's Jury Instruction Number 3**

Section 1 of the Federal Employers' Liability Act, under which plaintiff Michael Smock claims the right to recover damages in this action, provides in part that:

> Every common carrier by railroad while engaging in commerce between any of the several States... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce,...for such injury...resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment....

Federal Jury Practice and Instructions (Fifth Edition) 155.10

**Plaintiff's Jury Instruction Number 4**

In order to prove the essential element of plaintiff Michael Smock's claim against defendant Iowa Interstate Railroad, Ltd., the burden is on plaintiff Michael Smock to establish, by a preponderance of the evidence in the case, the following facts:

First: That defendant Iowa Interstate Railroad, Ltd. was negligent in one or more of the particulars alleged; and

Second: That defendant Iowa Interstate Railroad, Ltd.'s negligence caused or contributed, whole or in part, to some injury and consequent damage sustained by plaintiff Michael Smock.

Federal Jury Practice and Instructions (Fifth Edition) 155.20

**Plaintiff's Jury Instruction Number 5**

Plaintiff Michael Smock alleges that defendant Iowa Interstate Railroad, Ltd.'s conduct, at the time and place in question, was negligent in the following particulars:

    a.    failed to provide Plaintiff Michael Smock with a safe place to work.

    b.    failed to properly inspect the track at New Horizons for track defects at the switch or close clearances.

    c.    failed to properly construct the switch at New Horizons.

    d.    failed to properly maintain the switch at New Horizons.

Federal Jury Practice and Instructions (Fifth Edition) 155.21 (modified)

**Plaintiff's Jury Instruction Number 6**

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required in the use of ordinary care will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case. As the danger that should reasonably be foreseen increases, so the amount of care required by law also increases.

Federal Jury Practice and Instructions (Fifth Edition) 155.22

**Plaintiff's Jury Instruction Number 7**

At the time and place in question, defendant Iowa Interstate Railroad, Ltd. had a continuing duty as an employer at the time and place in question to use ordinary care under the circumstances in furnishing plaintiff Michael Smock with a reasonably safe place in which to work. It was also defendant Iowa Interstate Railroad, Ltd.'s continuing duty to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition.

This does not mean that defendant Iowa Interstate Railroad, Ltd. is a guarantor or insurer of the safety of the place to work. The extent of defendant Iowa Interstate Railroad, Ltd.'s duty is to exercise ordinary care under the circumstances to see that the place in which the work is to be performed is reasonably safe under the circumstances shown by the evidence.

[*Defendant Iowa Interstate Railroad, Ltd.'s duty to provide a safe place to work may not be delegated to a third party. Defendant Iowa Interstate Railroad, Ltd. has a duty to provide a safe place to work even when an employee's duties require the employee to enter property or use equipment owned or controlled by a third party.*]

[*Defendant Iowa Interstate Railroad, Ltd.'s duty includes the responsibility to inspect the premises where the defendant's*

*employees will be working and their equipment. Defendant Iowa Interstate Railroad, Ltd. must take reasonable precautions to protect its employees from possible danger whether on defendant's own premises or on the premises of third parties where the defendant's employees are required to work.]*

*[Defendant Iowa Interstate Railroad, Ltd.'s duty is a continuing duty from which it is not relieved by the fact that the work of its employees at the place in question is fleeting or infrequent.]*

Federal Jury Practice and Instructions (Fifth Edition) 155.23

**Plaintiff's Jury Instruction Number 8**

"Negligence" is the doing of some act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do when prompted by considerations that ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care under the circumstances in the management of one's person or property.

The definition of "negligence" under FELA requires defendant Iowa Interstate Railroad, Ltd. to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, defendant Iowa Interstate Railroad, Ltd.'s duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

In determining whether defendant Iowa Interstate Railroad, Ltd. knew or, through the exercise of reasonable care, should have known of a particular risk or danger, you may consider:

First, any evidence presented concerning any knowledge of defendant Iowa Interstate Railroad, Ltd. or its supervisors or agents;

Second, any evidence presented concerning whether the risk was brought to the attention of defendant Iowa Interstate Railroad, Ltd., its supervisors or agents, by such means as

statements, complaints or protests that a particular condition or assignment was dangerous; and

Third, whether a reasonably prudent person would have performed inspections that would have brought the dangerous condition to defendant Iowa Interstate Railroad, Ltd.'s attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints, or protests, or reasonable inspection, and you find that defendant Iowa Interstate Railroad, Ltd. failed to take such reasonable precautions, then you may find that defendant Iowa Interstate Railroad, Ltd. was negligent.

Federal Jury Practice and Instructions (Fifth Edition) 155.30 (modified)

**Plaintiff's Jury Instruction Number 9**

"Ordinary care" is that care reasonably prudent persons exercise in the management of their own affairs in order to avoid injury to themselves or their property or the persons or property of others.

Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case.

Federal Jury Practice and Instructions (Fifth Edition) 155.31

**Plaintiff's Jury Instruction Number 10**

For purposes of this action, damage is said to be caused or contributed by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. So if you should find from the evidence in the case that any negligence of defendant Iowa Interstate Railroad, Ltd. contributed in any way toward any injury or damage suffered by plaintiff Michael Smock, you may find that such injury or damage was caused by defendant Iowa Interstate Railroad, Ltd.'s act or omission.

Stated another way, an act or omission is the cause of injury or damage if the injury or damage would not have happened but for the act or omission, even though the act or omission combined with other causes.

This does not mean that the law recognizes only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a cause for the purpose of determining liability.

Federal Jury Practice and Instructions (Fifth Edition) 155.40

**Plaintiff's Jury Instruction Number 11**

Section 4 of the Federal Employers' Liability Act provides, in part, that:

In any action brought against any common carrier...to recover damages for injuries to...any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury...resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier; and no employee shall be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

If plaintiff Michael Smock's injury is caused or contributed to by the negligent act or omission of a fellow employee, acting in the course of the fellow employee's employment, then defendant Iowa Interstate Railroad, Ltd. would be responsible for the act or omission of the fellow employee.

Federal Jury Practice and Instructions (Fifth Edition) 155.50

**Plaintiff's Jury Instruction Number 12**

If you find in favor of plaintiff Michael Smock, then you must award plaintiff Michael Smock such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff Michael Smock for any damages you find plaintiff Michael Smock sustained and is reasonably certain to sustain in the future as a direct result of the occurrence described in the evidence. You should consider the following elements of damages:

1. The physical pain and *emotional* suffering plaintiff Michael Smock has experienced and is reasonably certain to experience in the future;

2. The nature and extent of plaintiff Michael Smock's injury, whether the injury is temporary or permanent;

3. The earnings plaintiff Michael Smock has lost to date;

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy. You may not include in your award any sum for court costs or attorney fees.

If you assess a percentage of negligence to plaintiff Michael Smock by reason of Instruction [*state the title or number of the contributory negligence instruction*], do not diminish the total amount of damages by the percentage of negligence you

assess to plaintiff Michael Smock. I will do this where appropriate.

Federal Jury Practice and Instructions (Fifth Edition) 155.60 (modified)

**Plaintiff's Jury Instruction Number 13**

The issues to be determined by the jury in this case are these:

First: Was defendant Iowa Interstate Railroad, Ltd. negligent in one or more of the particulars alleged?

If your unanimous answer to that question is "No", you will return a verdict for defendant Iowa Interstate Railroad, Ltd.. If your unanimous answer is "Yes", you then have a second issue to determine, namely:

Second: Did the negligence of defendant Iowa Interstate Railroad, Ltd. cause or contribute to any injury and damage to plaintiff Michael Smock?

If your unanimous answer to the question is "No", you will return a verdict for defendant Iowa Interstate Railroad, Ltd.. If your unanimous answer is "Yes", you must then find the answer to a third question, namely:

Third: Was plaintiff Michael Smock guilty of some contributory negligence?

If you should find that he was not, then, having found in plaintiff Michael Smock's favor in answer to the first two questions, you will proceed to determine the percentage of plaintiff Michael Smock's negligence, and specify in the verdict the percentage of negligence.

On the other hand, if you should find, from a preponderance of the evidence in the case, that plaintiff Michael Smock was guilty of some contributory negligence, and that plaintiff's fault caused or contributed to any injuries that plaintiff Michael Smock may have sustained, then you must compare the negligence of the parties and return a verdict in favor of plaintiff Michael Smock for a reduced amount, based upon the comparison.

Federal Jury Practice and Instructions (Fifth Edition) 155.70

**Plaintiff's Jury Instruction Number 14**

The proper procedure to be followed by you in comparing the negligence of the parties and returning a verdict in favor of plaintiff Michael Smock for a reduced amount based upon that comparison, is:

First, determine the full amount of all damages sustained by plaintiff Michael Smock as a result of the accident;

Second, compare the negligence or fault of the parties, by determining in what proportion, figured in percentage, plaintiff Michael Smock's own fault contributed as a cause of all damages suffered by plaintiff Michael Smock as a result of the accident; and

Third, specify the percentage of plaintiff Michael Smock's negligence.

Federal Jury Practice and Instructions (Fifth Edition) 155.71

**Plaintiff's Jury Instruction Number 15**

On the claim of plaintiff Michael Smock against defendant Iowa Interstate Railroad, Ltd. for violation of the Federal Employers' Liability Act, we, the undersigned jurors, find in favor of (check one)

\_\_\_\_ Plaintiff Michael Smock or

\_\_\_\_ Defendant Iowa Interstate Railroad, Ltd..

Note: Complete the following paragraphs only if the above finding is in favor of plaintiff Michael Smock.

We, the undersigned jurors, assess the actual damages of plaintiff Michael Smock at $_____ (fill in amount) for negligence.

Federal Jury Practice and Instructions (Fifth Edition) 155.73