IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| MICHAEL SMOCK,<br><br>Plaintiff,<br><br>v.<br><br>IOWA INTERSTATE RAILROAD, LTD., a Corporation,<br><br>Defendant. | ) | Case No. 1:07-cv-00051-LRR<br><br>**IAIS's BRIEF RE: FOUNDATION OBJECTIONS TO SMOCK'S EXHIBITS** |

COMES NOW the Defendant, Iowa Interstate Railroad, Ltd. ("IAIS"), and pursuant to the Court's instructions during the October 24, 2008 Pretrial Conference, further explains its reasoning for not waiving the foundation requirement for the exhibits Plaintiff Smock intends to introduce at trial. (Athough the minutes from the Pretrial Conference specify that only resistances to motions in limine are due on October 29, 2008, Magistrate Judge Scoles' instructions during the conference included filing an explanation as to exhibit objections; the Defendant is thus attempting to comply with the explicit direction of Judge Scoles.)

During the pretrial conference, there was some discussion regarding IAIS's refusal to wholesale waive all foundation objections to Smock's proffered exhibits. It was suggested that IAIS's insistence on requiring Smock to lay a foundation for his exhibits would not be an efficient use of time. However, neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure require IAIS to waive the requirement that Smock lay a foundation for each exhibit to establish its admissibility.

Under Rule 901, the proponent of physical evidence is generally required to prove its authenticity as a condition precedent to admissibility. See In re Harris, 209 B.R. 990, 997 (10th Cir. 1997) (Rule 901 makes authentication a condition precedent to admissibility that can be satisfied by evidence sufficient to support a finding that the matter in question is what proponent claims."). Wigmore has said that the requirement that a party offering an item of non-testimonial evidence prove that the item is what he claims is "not any artificial principle of evidence, but an *inherent logical necessity*." 7 Wigmore, *Evidence* § 2129 (Chadbourn Rev. 1978). IAIS's wholesale waiver of all foundational arguments would permit Smock's counsel to use the exhibits in an otherwise improper manner during his opening statement by showing or even reading them to the jury. Even if this Court believes the proposed Exhibits to which IAIS has objected to on foundational grounds will ultimately be admissible, IAIS is still entitled to require Plaintiff to establish a foundation for those exhibits. See U.S. v. Jones, 107 F.3d 1147, 1150, fn. 1 (6th Cir. 1997) cert. denied 117 S.Ct. 2527, 521 U.S. 1127 (decision of trial court to admit evidence does not bar challenging authentication before the jury).

For the reasons stated above, Smock should not be allowed to show any exhibits to the jury until such time as each Exhibit is admitted at trial.

KRUG LAW FIRM, PLC

/s/Edward J. Krug

Edward J. Krug AT0004494
Sasha L. Monthei AT0005506
Krug Law Firm, P.L.C.
6 Hawkeye Drive, Suite 103
P.O. Box 888
North Liberty, IA 52317
Telephone: 319-626-2076
Facsimile: 319-626-3266
E-mail: ekrug@kruglawfirm.com
sasha@kruglawfirm.com
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a true copy of the foregoing instrument was served upon all parties of interest to the above-entitled cause by ECF filing on the Northern District ECF website.

___ U.S. Mail ___ Fax __X Electronic Filing
___ Hand Delivery ___ Overnight Courier
___ Certified Mail ___ Email

I certify under penalty of perjury that the foregoing is true and correct. Executed on this ___ day of October, 2008, in North Liberty, Johnson County, Iowa.

/s/Mary Baker

George Brugess, Esq.
Hoey & Farina, PC
542 South Dearborn, Suite 200
Chicago, IL 60605