IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| MICHAEL SMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:07-cv-00051-LRR |
| | ) | |
| vs. | ) | |
| | ) | |
| IOWA INTERSTATE RAILROAD, | ) | **IAIS'S BRIEF IN SUPPORT OF** |
| LTD., a Corporation, | ) | **EXCLUSION OF EXPERT** |
| | ) | **TESTIMONY BY PAT** |
| Defendant. | ) | **SHELDON** |

The Plaintiff, Michael Smock ("Smock"), has identified Pat Sheldon ("Sheldon"), vice president of engineering for Iowa Interstate Railroad, as a witness he intends to call in his case in chief. Smock's counsel plans to ask Sheldon questions regarding industry standards involved in the construction of track switch platforms. IAIS seeks to bar Smock from asking Sheldon his opinions concerning the existence of alleged 'custom and practice' in track switch platform design, construction and maintenance and whether IAIS complied with those standards. This is clearly expert testimony and Smock failed to identify Sheldon as an expert in the track switch platform design and construction field as required by Rule 26(a)(2)(A).

Under Rule 37(c)(1), a party without "substantial justification" who fails to disclose information required by 26(a), is not permitted to use such evidence at trial, unless the court finds the failure was "harmless". The testimony Smock wants to elicit from Sheldon is not lay testimony. See American Gen. Life Ins. Co. v. Schoenthal Family, L.L.C., 248 F.R.D. 298, 305 (N.D Ga. 2008) (holding opinion that statements regarding general insurance industry practice and whether any insurance company would have issued a policy similar to the one in question was expert testimony). Rule 701

restricts lay witnesses to testifying only to opinions which are "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (2008). The difference between an expert witness and lay witness is that the "former can offer an opinion, while the latter is confined to testifying from personal knowledge." United States v. Williams, 81 F.3d 1434, 1442 (7th Cir. 1996); see also United States v. Oliver, 908 F.2d 260, 263-64 (8th Cir. 1990) (explaining lay opinion is proper only when it involves a witness "stating his conclusions based upon common knowledge or experience"). The basis of Sheldon's opinions would clearly be from his professional knowledge. Furthermore, this knowledge would fall under "specialized knowledge" because a lay person cannot be expected to possess and reasonably apply knowledge of design, construction and maintenance of track switch platforms to the relevant facts. See Sachs v. Reef Aquaria Design, Inc., 2007 WL 3223336 at * 11 (Oct. 25, 2007 N.D. Ill.) (concerning custom and industry standards for aquarium construction).

Thus, in order to be entitled to have Sheldon opine on general industry practice or standards, Smock had to specifically identify Sheldon as an expert witness. Because Smock did not, he should be barred from asking Sheldon questions eliciting expert opinions on the industry or general standard or practice of constructing and maintaining track switch platforms.

Finally, IAIS asserts that the plan to ask Sheldon about other railroad switch standards is a back door attempt to get around Smock's late designation (and subsequent withdrawal) of his liability expert, Alan Blackwell. In other words, the idea is to present

Sheldon with standards from other railroads and ask Sheldon to concede such standards represent industry standards, all to prove that IAIS failed to conform to those standards. This Smock should not be allowed to do.

          KRUG LAW FIRM, P.L.C.

By: /s/Edward J. Krug
Edward J. Krug AT0004494
Sasha L. Monthei AT0005506
6 Hawkeye Drive, Suite 103
P.O. Box 888
North Liberty, IA 52317
Tel: (319) 626-2076
Fax: (319) 626-3266
E-mail: ekrug@kruglawfirm.com
      smonthei@kruglawfirm.com
ATTORNEYS FOR DEFENDANT

Copy to:

George Brugess, Esq.
Hoey & Farina, P.C.
542 Dearborn, Suite 200
Chicago, IL 60605
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, a true copy of the foregoing instrument was served upon all parties of interest to the above-entitled cause by:

   ___ U.S. Mail           ___ Fax
   ___ Hand Delivery    ___ Overnight Courier
   ___ Certified Mail     ___ Email
   _X_ Electronic Filing

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of October, 2008, in North Liberty, Johnson County, Iowa.

   /s/Mary Baker