# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| MICHAEL SMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:07 CV 00051 |
| | ) | |
| V. | ) | Judge Jon Stuart Scoles |
| | ) | |
| IOWA INTERSTATE RAILROAD, LTD. | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S BRIEF ON INDUSTRY PRACTICES

Now comes the Plaintiff, Michael Smock, by his attorneys, George T. Brugess and Hoey & Farina, and submits the following as his Brief on Industry Practices:

1. Plaintiff seeks to question defendant's manager of track and engineering regarding practices and customs of other railroads that require a safe walking area around switch stands. Plaintiff was injured when after operating a switch he fell and severely injured his ankle. The walking around the switch stand was only 18" where he fell. The construction standard of the defendant as well as the standard of most railroads is to require a 3' walkway around switch stands. This is highly relevant and admissible evidence on the issue of whether defendant provided plaintiff with a safe place to work. If there was a 3' walkway around the switch stand, plaintiff never would have been injured.

2. In *Urie v. Thompson* 69 S. Ct. 1018, 337 U.S. 163 (1949) plaintiff filed an FELA case claiming to be suffering from silicosis due to defendant's negligence in the sanders on its locomotives. The court found that the practices of other railroads in regards to sanders was important evidence in whether the defendant railroad was negligent.

3. In *Eggert v Norfolk and Western*, 538 F2d 509 (2d Cir 1976), the court said that evidence of the practice of other railroads with respect to valve guards was highly relevant since the existence of alternatives would be significant on the issue of whether defendant acted reasonably in not providing guards.

4. Similarly here, if other railroads, of the industry as a whole, determines that a 3' walkway around switch stands is necessary to provide a safe place to work and defendant only provides an 18" walkway, then that is important and highly relevant evidence of negligence.

Respectfully submitted,

Michael Smock, Plaintiff

By: /s/George T. Brugess
George T. Brugess, Attorney for Plaintiff

George T. Brugess
Hoey & Farina
542 South Dearborn Street, Suite 200
Chicago, IL 60605
(312) 939-1212
(312) 939-7842 – Facsimile
GBrugess@hoeyfarina.com

## CERTIFICATE OF SERVICE

George T. Brugess, an attorney, certifies that he served a copy of the foregoing Plaintiff's Brief on Industry Practices upon the attorneys listed below by e-filing a copy with the United States District Court for the Northern District of Iowa – Cedar Rapids Division on October 29, 2008, which will send a notice of electronic filing to the following:

Edward J. Krug
Krug Law Firm, PLC
P.O. Box 888
6 Hawkeye Drive, Ste. 103
North Liberty, IA 52317

/s/George T. Brugess
George T. Brugess


George T. Brugess
HOEY & FARINA
542 S. Dearborn, Ste. 200
Chicago, IL 60605
(312) 939-1212