IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| MICHAEL SMOCK,<br><br>    Plaintiff,<br><br>vs.<br><br>IOWA INTERSTATE RAILROAD,<br>LTD., a Corporation.<br><br>    Defendant. | No. C07-0051<br><br>FINAL JURY INSTRUCTIONS |

## FINAL INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

# FINAL INSTRUCTION NO. __2__

The fact that Iowa Interstate Railroad is a corporation should not affect your decision. All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

Since a corporation can act only through its officers, employees, or other agents, any negligent act or omission of an officer, employee, or other agent of a corporation, in the performance of that person's duties, is held in law to be the negligence of the corporation.

# FINAL INSTRUCTION NO. 3

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight or preponderance of the evidence. To prove something by the greater weight or preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight or preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

# FINAL INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

# FINAL INSTRUCTION NO. __5__

At the time of this incident, the Railroad had a continuing duty as an employer to use ordinary care under the circumstances in furnishing Smock with a reasonably safe place in which to work. It was also the Railroad's continuing duty to use ordinary care under the circumstances to maintain and keep the place of work in a reasonably safe condition. This does not mean that the Railroad is a guarantor or insurer of the safety of the place to work. The extent of the Railroad's duty is to exercise ordinary care under the circumstances to see that the place in which the work is to be performed is reasonably safe under the circumstances shown by the evidence.

# FINAL INSTRUCTION NO. __6__

In order to recover on his claim, Smock must prove both of the following elements by the greater weight or preponderance of the evidence:

1. The Railroad was negligent in one or more of the following ways:
   a. failing to provide a reasonably safe workplace;
   b. failing to properly construct the switch at Oxford.
   c. failing to properly maintain the switch at Oxford.
2. The Railroad's negligence caused or contributed, in whole or in part, to Smock's injuries and consequent damages.

If Smock has failed to prove either of these elements, then he is not entitled to recover and your verdict will be for the Railroad. If Smock has proved both elements, then he is entitled to recover in some amount and you will consider the defense of contributory negligence, as explained in Instruction No.__7__.

## FINAL INSTRUCTION NO. 7

In order to prove its defense of contributory negligence, the Railroad must prove both of the following elements by the greater weight or preponderance of the evidence:

1. Smock was negligent in one or more of the following ways:
    a. failing to properly plan his work;
    b. failing to observe his footing as he walked;
    c. failing to exercise reasonable care under the circumstances.
2. Smock's negligence caused or contributed, in whole or in part, to his injuries and consequent damages.

If the Railroad has failed to prove either of these elements, then it has not established its defense of contributory negligence and you will not assign any percentage of negligence to Smock. If the Railroad has proved both elements, then you will assign some percentage of negligence to Smock.

# FINAL INSTRUCTION NO. __8__

**Regarding element No. 1 of Instruction Nos. __6__ and __7__**, the term "negligent" or "negligence" means the failure to use ordinary care. The phrase "ordinary care" means the degree of care that an ordinarily careful person would use under the same or similar circumstances. The degree of care used by an ordinarily careful person depends upon the circumstances which are known or should be known to that individual and varies in proportion to the harm that a person reasonably should foresee. As the danger that should reasonably be foreseen increases, the amount of care required by law also increases. In deciding whether a person was negligent or failed to use ordinary care, you must consider what that individual knew or should have known and the harm that he or she should reasonably have foreseen.

The mere fact that an accident occurred or a person was injured, standing alone, does not mean a party was negligent.

**Regarding element No. 2 of Instruction Nos. __6__ and __7__**, damage is said to be caused or contributed to by an act or failure to act when it appears from a preponderance of the evidence that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. Stated another way, an act or omission is the cause of injury or damage if the injury or damage would not have happened but for the act or omission, even though the act or omission combined with other causes.

There can be more than one cause of an injury or damage. In comparing negligence, you should consider all of the surrounding circumstances as shown by the evidence, together with the conduct of each party, and the extent of the causal relation between their conduct and the damages claimed. If you find that Smock was negligent and that his negligence caused or contributed to his injury and consequent damages, then I will reduce the total damages by the percentage of Smock's negligence.

## FINAL INSTRUCTION NO. 9

If you find Smock is entitled to recover on his claim, then you must award him such sum as you find by the preponderance of the evidence will fairly and justly compensate him for any damages caused by the Railroad's negligence.

You may consider the following elements of damages:

1. The reasonable value of lost earnings from the date of injury to February 27, 2007.
2. Physical and mental pain and suffering from the date of injury to the present time. Physical pain and suffering may include, but is not limited to, bodily suffering or discomfort. Mental pain and suffering may include, but is not limited to, mental anguish or loss of enjoyment of life.
3. Future physical and mental pain and suffering.
4. Loss of function of the body from the date of injury to the present time. Loss of function is the inability of a particular part of the body to function in a normal manner.
5. Future loss of function of the body.

The amount you assess for physical and mental pain and suffering in the past and future, and loss of function of the body in the past and future, cannot be measured by any exact or mathematical standard. You must use your sound judgment based upon an impartial consideration of the evidence. Your judgment must not be exercised arbitrarily, or out of sympathy or prejudice, for or against the parties. Damages must be reasonable. You are not permitted to award speculative damages. The amount you assess for any item of damage must not exceed the amount caused by a party as proved by the evidence.

Smock will not be required to pay any federal or state income tax on any amount you award. When calculating lost earnings, if any, you should use after-tax earnings.

(CONTINUED...)

## INSTRUCTION NUMBER  9  (Cont'd)

If you find that the Railroad proved by a preponderance of the evidence that Smock failed to take reasonable steps to minimize his damages, then your award must not include any amount which you find Smock might reasonably have avoided by taking such steps.

A party cannot recover duplicate damages. Do not allow amounts awarded under one item of damage to be included in any amount awarded under another item of damage. The amounts, if any, you find for each of the above items will be used to answer the Verdict Form.

If you assess a percentage of negligence to Smock by reason of Instruction No.  7 , do not diminish the total amount of damages by the percentage of negligence you assess to Smock. The Court will make this calculation.

# FINAL INSTRUCTION NO. 10

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed

(CONTINUED...)

**INSTRUCTION NUMBER  10  (Cont'd)**

on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

DATED this 19th day of November, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA